UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS REYES GUERRERO,<br><br>                                Petitioner,<br><br>v.<br><br>JEREMY CASEY, WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, ET AL.,<br><br>                                Respondents. | Case No.:  26cv1052-LL-SBC<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 1]** |

   Presently before the Court is Petitioner Juan Carlos Reyes Guerrero's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Petitioner seeks a writ of habeas corpus directing Respondents to release him from custody or at a minimum, a prompt and constitutionally adequate bond hearing under 8 U.S.C. § 1226(a). *Id.* ¶ 5. Respondents failed to file a Return by the Court-issued deadline of February 25, 2026 at 4:30 p.m. ECF No. 2; *see* Docket. On February 27, 2026, Petitioner filed a Traverse and

stated that in light of Respondents' failure to file a Return, "Petitioner respectfully requests that the Court rule on the pending Petition and grant appropriate relief." ECF No. 3.

On March 1, 2026, Respondents filed a late-filed Return (ECF No. 4) in which they acknowledge that (1) Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025); (2) a final judgment has been entered as to the Bond Eligible Class; and (3) per the entry of final judgment, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). ECF No. 6; *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025) (entering final judgment for members of the Bond Eligible Class).[1]

Accordingly, the Court **ORDERS** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

2. Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order. The Court notes that *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), has been vacated as contrary to law under the Administrative Procedure Act, and cannot be invoked to decline jurisdiction by the immigration judge. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284, at *10 (C.D. Cal. Feb. 18, 2026).

/ / /

/ / /

/ / /

---

[1] Subsequent to entry of judgment, the respondents in *Maldonado Bautista* filed a Notice of Appeal. However, the Ninth Circuit has held the filing of an appeal does not suspend the preclusive effect of a lower court judgment. *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) (citations omitted).

3. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated: March 2, 2026

_____
Honorable Linda Lopez
United States District Judge